## Ríos *v.* López.

### APPEAL from the District Court of Humacao.

No. 375.—Decided May 20, 1909.

STATEMENT OF THE CASE—INDEX OF EVIDENCE.—The statement of facts should not contain an index of the evidence introduced in the action, as counsel for the appellants appears to have believed, but must show the result of such evidence in a sufficiently specific manner. A document in which the evidence heard at the trial is set forth in such manner cannot properly be called a statement of facts and cannot have any legal effect on this Supreme Court, although the judge may have approved, instead of rejecting it.

ID.—IDENTIFICATION OF DOCUMENTS.—In the statement of the case it is necessary to summarize the material portions of the documents presented as evidence in the action, or refer to the copies of the same which form part of the record, in such manner that the documents may be identified in order to be certain that they are the same which were used as evidence at the trial.

ID.—ABSENCE OF IDENTIFICATION OF DOCUMENTS.—Pursuant to the foregoing doctrine, in the absence of such identification, this court lacks a full and exact knowledge of the evidence presented at the trial, which is a necessary condition to permit it to discuss and decide the legal questions derived from the facts alleged in the complaint and in the answer, for which reason it must admit as indisputable the findings of fact upon the evidence of the lower court.

ERRORS OF LAW—ABSENCE OF STATEMENT OF THE CASE.—There being no properly prepared statement of the case, and this court having, therefore, to accept the findings of the trial court, it cannot discuss errors of law based on facts which contradict such findings.

The facts are stated in the opinion.

*Mr. Vías Ochoteco* for appellant.

*Mr. López Landrón* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This action was initiated upon a sworn complaint filed on November 16, 1906, in the District Court of Humacao, by María Ríos, the widow of Rubio, against Attorney Rafael López Landrón.

María Ríos alleges the following fundamental facts in her complaint in support thereof:

"1. That the plaintiff brought an action in the said court against her mother, Manuela Gutmán, and her sister, Petronila Patricia Ríos de Noya, seeking the annulment of a private contract of compromise involving hereditary property, or proceedings to establish ownership instituted under such contract and the records made of which might be made under such title, Manuel Gutmán appearing to make answer to the complaint through the defendant, López Landrón, and Petronila Patricio Ríos, through her counsel, Attorney José María Cuadra.

"2. That in the private contract of compromise involving hereditary property the annulment of which was the subject of the proceedings, Manuela Gutmán awarded to her daughters, María and Petronila Patricia Ríos the estate called 'Mulas,' described in the complaint on behalf of Petronila Patricia Ríos against her sister, María Ríos, asking for the division of the said estate and of other estates comprised in the contract of compromise sought to be annulled, which action was, by order of the court, consolidated to the previous action, in order that both might be decided by the same judgment.

"3. That at this stage of the proceedings, Attorney Cuadra applied for the appointment of a judicial administrator for the property which had been awarded by Manuela Gutmán to her daughters, María and Petronila Patricia Ríos, and the court, having held a hearing for the decision of this incidental issue, rendered a decision in favor of the application made by Cuadra in an action directed exclusively against María Ríos by her sister, Petronila Patricia, ordering that a judicial administrator should be appointed to take charge of the case and collection of the income from the estates referred to in said proceedings.

"4. That Manuela Gutmán or her heirs, who were represented by Attorney López Landrón in the principal action relating to the annulment of the contract of compromise involving hereditary property,

had no interest whatsoever nor necessity of interfering in the proceedings relating to the propriety or impropriety of the appointment of a judicial administrator for property which they maintained belonged exclusively to María and Petronila Ríos, and notwithstanding the knowledge that Attorney López Landrón had of the uselessness of his interference which was of no interest whatsoever to his client, Manuela Gutmán or to her heirs, he appeared at the hearing of the incidental issue relating to the appointment of a judicial administrator to property which did not belong to his client, for the purpose of collecting fees from the plaintiff, María Ríos, when the intervention at this proceeding of the attorney of Petronila Patricia Ríos was the only legal and necessary one for the purposes of justice.

"5. That the defendant, López Landrón, following the procedure established by the laws formerly in force for the collection of fees of attorneys, presented a memorandum to the court praying that compulsory proceedings be instituted against María Ríos for the recovery of $660.03, which petition the said court definitely granted, an order issuing to this effect to the marshal on October 16, 1906.

"6. That the plaintiff does not owe López Landrón either all or any part of said sum of $660.03, and that in any event said sum is excessive, taking into consideration the small importance of the matter at issue, and that the other attorney, representing Petronila Patricio Ríos was the only one who had the right to collect fees, which fees have already been the subject of a settlement with the plaintiff.

"7. That the plaintiff knows furthermore that the defendant, López Landron, entered into a contract with his client, Manuela Gutmán, for the payment of fees consisting of a specified sum which has already been paid, and therefore he has no cause of action for the recovery of the $660 and odd cents which he claims for his intervention in a simple incident relating to the appointment of a judicial administrator.

"María Ríos concluded her complaint with the prayer for judgment holding that López Landrón is not entitled to recover the $660.03 which he claims, with the costs against him, and if the court holds that he is entitled to recover fees that it fix the just and reasonable sum to be paid, also with the costs against the defendant."

Upon answering the complaint, López Landrón admitted the allegations numbered one, two, three and five, and denied those numbered four, six and seven, adding that Manuela Gutmán and her heirs had a legal interest in the performance of

the contract of compromise and, consequently, in the action for
the division of the estate of "Mulas," brought by Petronila
Patricio Ríos against her sister, María Ríos, and the incidental
issues therein arising; that the capacity of the defendant
as the representative of the heirs of Bustelo, and of the latter
as interested parties, was acknowledged by the representative
of María Ríos and accepted by the decisions of the lower
court; that María Ríos owing to her manifest temerity had
been adjudged to pay all the costs incurred in the incidental
issue relating to the administration and annulment of pro-
ceedings; that in compliance with this judgment, the assess-
ment of the fees earned by López Landrón was proceeded with,
and the payment thereof was ordered by compulsory process
prescribed by the former Law of Civil Procedure; that María
Ríos contested by an application for a writ of prohibition in
this Supreme Court the legality of such proceedings and the
Supreme Court ordered that the compulsory proceedings
against María Ríos for the payment of the fees of López Lan-
drón continue their course; that the sum of $660.03 owed for
fees has been acknowledged by final judgment and is further-
more manifestly moderate; and although the defendant does
not remember the terms of his contract with Manuel Gutmán
for the payment of fees, he believes and assumed that this
contract did not include and could not have included litigation
in which the heirs of Manuela Gutmán became involved after
her death.

In view of these allegations the defendant prayed for the
dismissal of the complaint on the ground that it does not lie
and furthermore that it is contrary to the principle of *res
judicata,* with the costs against the plaintiff.

The trial having been had, the court rendered judgment on
June 24, 1908, holding that the facts and the law were in favor
of the defendant, and orders that the plaintiff shall not recover
anything from him and that he be relieved of all liability

with respect to the complaint, with the costs against the plaintiff, against whose property execution shall issue for the satisfaction of this judgment.

Counsel for María Ríos took an appeal from this judgment and in support thereof prepared the statement of facts which appears of record, approved by the judge.

In this statement of fact that evidence is summarized as follows:

"Counsel for the plaintiff introduced as evidence the testimony of the witness, Enrique Rincón, who after having been duly sworn replied to questions of counsel for the plaintiff: That his name is Enrique Rincón Plumey; that he is the secretary of said dictrict court; that as such secretary of the court of that district he knows that certain proceedings for the annulment of a private contract entered into between María Ríos, Petronila Ríos and Manuela Gutmán had passed through his office; that he has brought all the records of such proceedings; that he has the main record ready at hand (counsel for the plaintiff asked the court to direct that the records to which the witness makes reference be brought in. The witness went out to get them and returned therewith); that he does not know whether said records contain the answer to the complaint filed by María Ríos, because said records had been in the Federal Court and there they had unfastened them all, and now it would be necessary to go over them one by one, and it would take a couple of days to put them back in order. Upon counsel for the plaintiff asking the witness whether he could ascertain whether the answer to the complaint only is there, the defendant stated that if deemed proper he might mention the documents which he wishes from all the records, and that he in his turn would designate those he wished, and thus the secretary could look for them with time. The court decides that this be done.

"Counsel for the plaintiff presents as evidence the answer to the complaint in this main action and all the proceedings subsequent to the action for the division of the common estate, brought by Petronila Ríos against María Ríos, and, furthermore, all the proceedings relating to the incidental issue with respect to the appointment of a judicial administrator.

"Upon counsel for the plaintiff asking the witness to state whether judgment was rendered in these proceedings or whether they remained in the office of the secretary, he replied that he did not remember.

"The defendant introduced as evidence the following: 'From the records of all the proceedings, those relating to fees, the objection of and the decision of the Supreme Court ordering the payment of the fees, the application for a writ of inhibition against the judge and the defendant, the objection made by the attorney in the Supreme Court, ordering the payment of the fees, and, finally, he proposed as evidence the records of the proceedings in which fees were earned. Both parties agreeing, the secretary will look for and deliver to the court the documents which have been designated."

In this case we can repeat what this court heretofore said in its opinion of June 9, 1908, in deciding the case of *Arsenio L. Arpín* v. *Ramón Valdés Cobian*, 14 P. R. Rep., 516:

"A document in which the evidence heard at the trial is set forth in such a manner cannot properly be called a statement of facts, and cannot have any legal effect on this Supreme Court, although the judge may have approved, instead of rejecting it. The statement of facts should not contain an index of the evidence introduced in the action, as counsel for the appellants appears to have believed, but must show the result of such evidence in a sufficiently specific manner."

It is true that the record contains certified copies of a number of documents which may be the same to which reference is made in the statement of facts; but these documents have not been duly identified, and we cannot start out from conjecture to determine the facts which are to serve in an appeal as a basis for the application of the law.

We have already held in the said case of *Arsenio L. Arpín* v. *Ramón Valdés Cobian*, that it is not necessary that the documents presented as evidence in the action should be copied literally in the statement of facts, and it is sufficient to summarize the material portions thereof or refer to the copies of the same which form part of the record; and then we added that this reference is necessary and should be made in such manner that the documents may be identified in order to be certain that they are the same which were used as evidence at the trial.

On account of the absence of such identification, we must reach the conclusion that we lack a full and exact knowledge of the evidence presented at the trial, which is a necessary condition to permit us to discuss and decide the legal questions derived from the facts alleged in the complaint and in the answer, and for this reason we must admit as indisputable the findings of fact upon the evidence of the lower court. This being the case, we cannot discuss errors of law based on facts which contradict such findings.

The parties not having agreed on all the facts which served as a basis for the litigation, we cannot consider the judgment in relation solely to the complaint and answer in order to determine whether any error of law was or was not committed in the judgment appealed from.

(See the case of *Manuel Díaz Caneja* v. *The Administration,* decided June 29, 1906, 11 P. R. Rep., 194.)

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Justices Figueras and del Toro did not take part in the decision of this case.